NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RITA ROPER, | : | |
| Plaintiff, | : | Civil Action No. 10-2229 (JAP) |
| v. | : | |
| BETH VAN MATER, STATE OF NEW JERSEY, et al. | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

Plaintiff Rita Roper brings this action against Defendants Beth Van Mater and the State of New Jersey (collectively, "Defendants"), alleging employment discrimination in violation of various federal and state laws. Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court will grant Defendants' motion.

## I.    BACKGROUND[1]

Plaintiff, an African-American female, was employed as a member of the Senior Executive Service of the New Jersey Civil Service Commission ("CSC"). The acts giving rise to this action allegedly began in 2001, when Defendant Beth Van Mater ("Van Mater") became Plaintiff's supervisor. Plaintiff contends that Van Mater systematically treated her and other African-American workers differently "in the meting out of discipline, in the awarding of bonuses, in assignment of job related tasks, [and] in the concessions made for time off

---

[1] In addressing a motion to dismiss, the Court must accept as true the allegations contained in a complaint. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Second Amended Complaint (hereinafter "Compl.") unless otherwise indicated; they do not represent this Court's factual findings.

requested." (Compl. ¶ 3).  She further asserts that Van Mater spoke to her in a belittling and berating manner, and that, despite being aware that Plaintiff suffered from post traumatic stress disorder, refused to grant her requests for leave.  After she complained about Van Mater's behavior and no recourse was taken by the CSC, Plaintiff resigned on May 1, 2006.

By letter dated May 11, 2006, Plaintiff submitted various allegations regarding Van Mater's conduct during her employment.  Those allegations were then referred to the Department of Law and Public Safety's Equal Employment Opportunity Office ("EEO") for investigation.  (Compl., Ex. A., at 1).  After the EEO completed its investigation, it provided a report to the CSC on November 12, 2008.  (*Id.* at 2).  In a determination issued February 22, 2010, the CSC determined that, of the eleven allegations identified in Plaintiff's complaint, four were substantiated.  (*Id.*).  Plaintiff's appeal of that determination was subsequently denied on July 1, 2010, thereby constituting the CSC's final administrative determination in the matter.  (*Id.* at 11).

The instant action was commenced in this Court on May 3, 2010.  Plaintiff filed a First Amended Complaint on September 3, 2010, and a Second Amended Complaint on April 15, 2011.  Plaintiff's Second Amended Complaint contains five counts, and alleges that Defendants discriminated against her in violation of: (1) 42 U.S.C. § 1981 and the New Jersey Constitution; (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 *et seq*. ("Title VII"), and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, *et seq.* ("NJLAD"); (3) 42 U.S.C. § 1983; (4) the "right to equal protection" under New Jersey's Constitution; and (5) the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and N.J.S.A. 10A:1-1.  Plaintiff seeks reinstatement, back pay, compensatory damages, and punitive damages.

On April 21, 2011, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Therein, Defendants assert that Plaintiff's complaint must be

2

dismissed because, *inter alia*, her claims under § 1981 and § 1983 are barred by both the Eleventh Amendment and the applicable statute of limitations, her state law claims are untimely, and her Title VII and ADA claims are barred because she failed to follow the procedural requirements set forth in those statutes.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at

1950.  To help guide a district court's evaluation of a motion to dismiss, the Third Circuit has established a three-part analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947-50).

### III.  DISCUSSION

#### A.  Eleventh Amendment

##### 1.  Claims Under Sections 1981 and 1983

Defendants first assert that Plaintiff's claims brought under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 are barred by the Eleventh Amendment.  As a threshold matter, the Court notes that, under the Third Circuit's recent holding in *McGovern v. City of Philadelphia*, 554 F.3d 114, 122 (3d Cir. 2009), "no implied private right of action exists against state actors under 42 U.S.C. § 1981."  Instead, § 1983 constitutes the "exclusive federal remedy for violation of rights guaranteed in § 1981 by state governmental units."  *Id.* at 121 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)).  Accordingly, because Count One of Plaintiff's Second Amended Complaint is brought directly under § 1981, it must be dismissed.  Plaintiff is therefore left to rely on her claim under § 1983, the "exclusive remedy for violation of rights guaranteed in § 1981."  *Id.*  For the reasons below, Plaintiff's claim under § 1983 must be dismissed because it is barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity,

4

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As developed, the Eleventh Amendment affords states and state agencies immunity from suits brought by citizens in federal court. *MCI Telecom. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503-504 (3d Cir. 2001); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). That immunity is not absolute, however, and three primary exceptions have been established that limit the breadth of the Eleventh Amendment: (1) congressional abrogation; (2) waiver by the state; and (3) suits against individual state officers for prospective injunctive and declaratory relief. *MCI*, 271 F.3d at 503.

Here, because Congress' enactment of § 1983 did not abrogate states' immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-41 (1979), and New Jersey has neither consented to suit nor waived its immunity, the Eleventh Amendment bars Plaintiff's § 1983 claims against the State of New Jersey. *See MCI*, 271 F.3d at 503-04. Moreover, New Jersey is not considered a "person" for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Accordingly, Count Three of Plaintiff's Amended Complaint is dismissed insofar as it is asserted against the State of New Jersey.[2]

As to Plaintiff's claim against Van Mater, however, the third exception to Eleventh Amendment immunity is implicated. Although it is well-established that suits against state officers in their official capacity are generally barred by the Eleventh Amendment, *see Will*, 491 U.S. at 71, the doctrine established in *Ex Parte Young*, 209 U.S. 123 (1908), permits certain types of actions against such officers to proceed. Specifically, *Ex Parte Young* allows for

---

[2] Although she does not include the CSC in the caption, Plaintiff references it as a defendant at various points throughout the Second Amended Complaint. Nevertheless, because state agencies are immune from suit under the Eleventh Amendment, dismissal is warranted to the extent Plaintiff asserts a claim against the CSC. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984) ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Betts v. New Castle Youth Dev. Center*, 621 F.3d 249, 253-54 (3d Cir. 2010) ("[s]tate governments and their subsidiary units are immune from suit in federal court").

individual state officers to be sued in their official capacities for prospective injunctive relief and declaratory relief to end ongoing violations of federal law. *MCI*, 271 F.3d at 506. Thus, in determining whether *Ex Parte Young* avoids an Eleventh Amendment bar, a court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Pennsylvania Fed. Of Sportsmen's Clubs v. Hess*, 297 F.3d 310, 323-24 (3d Cir. 2002) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Here, although Plaintiff seeks reinstatement, a recognized form of prospective relief, *see Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), she fails to allege any "ongoing violation of federal law." *Hess*, 297 F.3d at 323-24. Indeed, Plaintiff resigned from the CSC on May 1, 2006, and all of her allegations relate to actions taken during the course of her employment. Moreover, Van Mater also retired from the CSC over one year ago. (Compl. Ex. A., at 1 n.2). Accordingly, because Plaintiff's § 1983 claim against Van Mater in her official capacity[3] does not fit within the *Ex Parte Young* exception, it is barred by the Eleventh Amendment.

### 2. State Law Claims

Plaintiff's state law claims are also barred by the Eleventh Amendment. There has been no showing that the State has waived its immunity from suit on those claims, and a plaintiff is not permitted to sue "the State of New Jersey, or its alter egos, under the NJLAD in federal court." *Garcia v. The Richard Stockton College of New Jersey*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002); *Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003) (the NJLAD

---

[3] In her opposition brief, Plaintiff argues for the first time that she is suing Van Mater in her individual capacity. (Pl. Opp. Br. at 11-12). However, a review of the Second Amended Complaint reveals that this is an official capacity suit. Indeed, all of Plaintiff's allegations regarding Van Mater concern actions and behavior she engaged in at the workplace and during her role as Plaintiff's supervisor. Moreover, Plaintiff names the State of New Jersey and the CSC as defendants, and Defendants do not raise the defense of qualified immunity. *See Melo*, 912 F.2d at 636 (finding the absence of such factors significant in determining that plaintiffs sued defendant in her individual capacity). Nevertheless, as discussed *infra* III(B), Plaintiff's claim under § 1983 will also be dismissed as untimely.

"does not contain the express language required" to waive the State's immunity from suit in federal court); *see also Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 714 (D.N.J. 2004) (in employment discrimination case, dismissing all state statutory and constitutional claims under Eleventh Amendment); *Cincerella v. Egg Harbor Tp. Police Dep't*, 2009 WL 235643, at*1 (D.N.J. Jan. 30, 2009) (dismissing all state and federal constitutional claims under Eleventh Amendment). Additionally, because *Ex Parte Young* does not apply "in a suit against state officials on the basis of state law," Plaintiff's state law claims against Van Mater are also barred. *Hess*, 297 F.3d at 325 ("the Eleventh Amendment prohibits a federal court from considering a claim that a state official violated state law in carrying out his or her official responsibilities") (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984)). Thus, Plaintiff's state law claims are dismissed under the Eleventh Amendment.

B. <u>Statute of Limitations</u>

**1. Applicable Statutes of Limitations: Section 1983 and State Law Claims**

As an additional basis for dismissing Plaintiff's § 1983 and state law claims, Defendants assert that those claims are barred by the applicable statutes of limitations. Because § 1983 does not contain a statute of limitations, courts look to state law to determine the appropriate statutory period. *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); *see Wilson v. Garcia*, 471 U.S. 261, 268 (1985), *superseded by statute on other grounds by* 28 U.S.C. § 1658. Specifically, courts apply the State's "general, residual statute of limitations for personal injury." *Lake*, 232 F.3d at 368. In New Jersey, that statute is two years. *See* N.J. Stat. Ann. § 2A:14-2. For discrimination claims brought under the NJLAD, the same two-year statute of limitations is also applied. *See Montells v. Haynes*, 133 N.J. 282, 289-94 (1993); *Ali v. Rutgers*, 166 N.J. 280, 282 (2000) (*Montells* establishes that "claims arising under the Law Against Discrimination . . . are subject

7

to the two-year statute of limitations for personal injuries found at *N.J.S.A.* 2A:14-2"); *Hanani v. State of New Jersey Dep't of Env. Protection*, 205 Fed. Appx. 71, 76 (3d. Cir. 2006).

Here, Plaintiff's claims under § 1983 and state law[4] are time-barred. Indeed, even assuming that they accrued on May 11, 2006, the day she resigned from the CSC, Plaintiff did not commence this action until May 3, 2010—well beyond the applicable two-year statutes of limitations. *See Lake*, 232 F.3d at 368; *Montells*, 133 N.J. at 189-94. Accordingly, Plaintiff's claims under § 1983 and state law are untimely.

### 2. Equitable Tolling

In an attempt to excuse her failure to comply with the relevant statutes of limitations, Plaintiff invokes the doctrine of equitable tolling. Specifically, she argues that the delay associated with the processing of her internal complaint demonstrates Defendants' lack of concern regarding her allegations. She further contends that the delay precluded her from "filing her lawsuit within the two year statute," (Compl. ¶ 17), but claims that her "extensive administrative challenges" and mistaken belief that she had to pursue her internal complaints with her employer before filing in this Court excuse her untimely claims. (Pl. Opp. Br. at 13-14).

---

[4] The Court notes that, in addition to asserting a claim under the NJLAD in Count Two, Plaintiff asserts claims under the New Jersey Constitution in Counts One, Two, Four and Five. As discussed *supra* III(A)(2), Plaintiff's state law claims are barred by the Eleventh Amendment. Defendants also argue, however, that all of Plaintiff's state law claims should be properly considered as having been brought under the NJLAD, or, alternatively, should be dismissed as untimely. The Court agrees. As to the equal protection claim contained in Count Four, Plaintiff raises essentially the same allegations contained in her claims under § 1983 and the NJLAD. Moreover, in her opposition brief, she references the NJLAD in her discussion of the applicable statute of limitation, misconstrues *Montells*, and states that her equal protection claim is asserted under Article I, Section 5 of the New Jersey Constitution. (Pl. Opp. Br. at 16-17); *see Lige v. Town of Montclair*, 72 N.J. 5, 16 (1976) ("effectuation of the mandate in Article I, paragraph 5 has been implemented by the [NJLAD]"); *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 863-64 (3d Cir. 1990) ("Count four is a state constitutional claim, the vitality of which probably depends on count 5, the NJLAD claim."). Additionally, all of Plaintiff's claims under the New Jersey Constitution, including those asserted under unspecified provisions, are untimely. *See, e.g. Freeman v. State*, 347 N.J. Super. 11, 20-22, n.3 (App. Div. 2002) (affirming application of two-year statute of limitations to claims brought for violations of rights under New Jersey Constitution); *Kirkland v. Morgievich*, 2008 WL 5272028, at *10 (D.N.J. Dec. 16, 2008) (dismissing claims under NJ Constitution as time-barred where allegations analogous to § 1983 claim); *Scott v. State of New Jersey*, 2004 WL 3686433, at *11 (D.N.J. May 24, 2004) (employment discrimination claims under New Jersey Constitution "utilize the same standards as applied to NJLAD . . . claims").

Equitable tolling, if available, can rescue a claim otherwise barred by the statute of limitations when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 240 (3d Cir.1999). The Third Circuit has delineated three principal circumstances in which equitable tolling may be appropriate: (1) where the defendant has "actively misled the plaintiff respecting the plaintiff's cause of action"; (2) where the plaintiff has in "some extraordinary way" been prevented from asserting her rights; or (3) where the plaintiff has timely asserted her rights "mistakenly in the wrong forum." *Oshiver v. Levin*, *Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (internal citations omitted). Courts are to be sparing in their application of equitable tolling, and should extend it "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted).

This case does not present circumstances that justify the application of equitable tolling. Although the CSC and EEO did not process Plaintiff's allegations expeditiously, Plaintiff likewise failed to exercise the requisite "due diligence in pursuing and preserving her claim." *Santos v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (internal citations omitted); *see Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) ("[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing"). Indeed, Plaintiff was aware of the discriminatory treatment she alleges as early as 2001, when Van Mater became her supervisor, and failed to file a complaint in this Court until May 3, 2010, almost a decade later. *See, e.g., Williams v. Rohm and Haas Co.*, 90 Fed. Appx. 627, 628 (3d Cir. 2004) (noting

that "plaintiff indicated that he was aware of the racial discrimination . . . as early as 1988" in affirming district court's determination that equitable tolling did not apply). She has made no showing that Defendants actively misled her or prevented her from filing this action, and her misunderstanding as to her requirements under the law do not warrant tolling the statutory period. *See, e.g.*, *Santos*, 559 F.3d at 211-12 (ignorance of the law does not excuse failure to follow procedural requirements and is insufficient to warrant equitable tolling); *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("ignorance of the law is not enough to invoke equitable tolling"). Accordingly, equitable tolling does not apply and Plaintiff's claims under § 1983 and state law are dismissed as untimely.

    C.   <u>Failure to Follow Procedural Requirements: Title VII and ADA Claims</u>

Defendants assert that Plaintiff's claims under Title VII and the ADA should be dismissed because Plaintiff failed to follow the procedural requirements set forth in those statutes. Specifically, they point to Plaintiff's failure to allege that she filed a charge or obtained a right-to-sue letter from the EEOC as grounds for dismissing her claims. In her opposition brief, Plaintiff contends that her submission of allegations on May 11, 2006, the EEO's investigation, and her commencement of this action within 90 days of the CSC's final determination satisfy her statutory duties. (Pl. Opp. Br. at 19). For the reasons below, the Court agrees with Defendants and therefore dismisses Plaintiff's claim under Title VII and the ADA.[5]

Before bringing an action under Title VII in federal court, a plaintiff must exhaust her administrative remedies by complying with the procedural requirements set forth in 42 U.S.C. 2000e-5. Those requirements include filing a charge with the EEOC or its state equivalent within 300 days of the alleged violation, and receiving from the EEOC a notice of the right to

---

[5] Because the ADA adopts the enforcement scheme and remedies found in Title VII, *see* 42 U.S.C. 12117(a), Plaintiff's ADA and Title VII claims are considered together.

sue. *See* 42 U.S.C. 2000e-5(e)(1). Although the failure to exhaust administrative remedies is not a jurisdictional defect, it does provide grounds for dismissing a case under Federal Rule of Civil Procedure 12(b)(6). *Devine v. St Luke's Hosp.*, 406 Fed. Appx. 654, 656 (3d Cir. 2011) (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000)).

Here, there is no indication that Plaintiff has filed a charge with the EEOC or received a right-to-sue letter. In her Second Amended Complaint, the only references Plaintiff makes to administrative procedures is her filing of a complaint with the CSC for "discrimination assault," the referral of that complaint to the Department of Law and Public Safety, and the ultimate ruling rendered by her employer. (Compl. ¶¶ 1, 12, 15). Similarly, Plaintiff's opposition brief merely affirms that she filed suit within 90 days of receiving the final administrative determination of the CSC. Accordingly, because Plaintiff has failed to make mention of the EEOC, far less produce or allege that she obtained a right-to-sue letter, her claims under Title VII and the ADA must be dismissed.[6] *See, e.g., Foster v. JLG Industries*, 372 F. Supp. 2d 792, 802-03 (M.D. Pa. 2005) (dismissing Title VII claims because there was "no indication that Plaintiff has filed an EEOC complaint or received a right-to-sue letter"); *N'Jai*, 2009 WL 4823839, at *11 ("A plaintiff has an obligation to produce a right to sue letter as a prerequisite to maintaining a Title VII claim in federal court."); *Albright v. City of Philadelphia*, 399 F. Supp. 2d 575, 583 n.18 (E.D. Pa. 2005) (closure of state agency's case does not trigger federal statutory limitations period).

---

[6] Plaintiff's Title VII and ADA claims also fail to the extent that they are asserted against Van Mater. The law is clear in the Third Circuit that individuals cannot be held liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII"); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (the overwhelming authority has concluded that there is no individual liability under the ADA). Additionally, although Plaintiff does not explicitly argue that equitable tolling applies in relation to her Title VII claim, the Court notes that any such argument would be unavailing. *See infra* III(B)(2); *see also N'Jai v. Floyd*, 2009 WL 4823839, at *13-14 (W.D. Pa. Dec. 9, 2009) (to waive or toll Title VII's requirements, plaintiff is required to "show or allege that [she] made an effort to procure the right to sue letter or that [she] raised the failure to issue a right to sue letter with the EEOC prior to filing" in federal court).

    D. <u>Fictitious Defendants</u>

Plaintiff names numerous fictitious entities and persons as defendants ("Does 1-10" and "Corporation A-Z") in the Second Amended Complaint. She does not, however, set forth any specific allegations as to these defendants or identify separate violations for which they are responsible. Nevertheless, because the Court is dismissing all claims against Van Mater and the State of New Jersey, Plaintiff's claims against the fictitious defendants must also be dismissed. *See Hindes v. F.D.I.C.,* 137 F.3d 148, 155-56 (3d Cir .1998) ("The case law is clear that . . . an action cannot be maintained solely against Doe defendants."); *Didiano v. Balicki*, 2011 WL 1466131, at *11 (D.N.J. Apr. 18, 2011) ("An action cannot be maintained against fictitious defendants.").

**IV.   CONCLUSION**

For the reasons above, the Court grants Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). An appropriate Order will follow.

                                            /s/ JOEL A. PISANO
                                            United States District Judge

Dated: November 15, 2011